

**FILED**
**Oct 06, 2021**
**07:05 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT KNOXVILLE

| | |
|---|---|
| **HARLEY HOLDER,** | ) **Docket Number: 2020-03-1281** |
| **Employee,** | ) |
| **v.** | ) **State File Number: 70189-2020** |
| **NATHAN MARCUM d/b/a** | ) |
| **MARCUM LUMBER,** | ) **Judge Brian K. Addington** |
| **Employer.** | ) |

---

## EXPEDITED HEARING ORDER
## DECISION ON THE RECORD

---

Harley Holder suffered serious injuries when he fell down the stairs while working at Marcum Lumber. Nathan Marcum, the owner of Marcum Lumber, provided no medical benefits but did pay a small amount of temporary disability benefits. Because he did receive medical care and only a portion of his temporary disability benefits, Mr. Holder filed a request for expedited hearing seeking additional benefits. After considering the evidence presented at an expedited hearing on September 30, 2021, the Court finds that Mr. Holder is likely to succeed at a hearing on the merits in proving his entitlement to both medical and temporary disability benefits.

### Facts

Nathan Marcum hired Mr. Holder and paid him an average weekly wage of $464.00. Mr. Marcum's lumber business employed more than five employees but did not have workers' compensation insurance. It was at his business that Mr. Holder fell down steps on October 1, 2019.

In his fall, Mr. Holder injured his right foot, right ankle, left arm and shoulder, rotator cuff, and labrum. He sought medical treatment at his own expense because Mr. Marcum did not provide a panel of physicians or offer to pay for medical care. Mr. Holder underwent surgery by Dr. Michael Heilig for his ankle on September 28, 2020. He introduced medical bills showing that the total cost of his treatment was $54,665.56; but he also requested additional treatment. Mr. Holder's physicians placed restrictions or took

1

him off work from October 1, 2019, until the present and have not placed him at maximum medical improvement.

Although he paid no medical benefits, Mr. Holder said Mr. Marcum gave him $1,550.00 between November and January 2020 because he could not accommodate Mr. Holder's restrictions. Despite making these payments, Mr. Marcum admitted that he later terminated Mr. Holder without cause.[1]

After the loss of his job, Mr. Holder found limited employment starting October 27, 2020. He earns $1,000.00 per month at his new job.

### Findings of Fact and Conclusions of Law

At this expedited hearing, Mr. Holder must show he would likely prevail at a hearing on the merits regarding his requests for medical and temporary disability benefits. Tenn. Code Ann. § 50-6-239(d)(1) (2020).

Turning first to medical benefits, based on Mr. Holder's affidavit, he fell and sustained injuries in the course and scope of his employment. *See* Tenn. Code Ann. § 50-6-102(14)(A)-(B). Mr. Marcum, however, provided neither a panel of physicians nor paid any of Mr. Holder's $54,655.56 in medical bills related to the fall.

An employer is obligated to provide these medical benefits. *See* Tenn. Code Ann. § 50-6-204. So, the Court holds that Mr. Marcum shall pay these medical bills and provide ongoing medical treatment with Dr. Heilig.

Concerning temporary disability benefits, an employee is entitled to them if a physician totally restricts an employee from work or provides restrictions an employer cannot accommodate. *See* Tenn. Code Ann. § 50-6-207(1) and (2). Here, Mr. Holder was totally off work or had restrictions Mr. Marcum could not accommodate from October 2, 2019, through October 26, 2020. This represents a period of fifty-five weeks and four days. At Mr. Holder's compensation rate of $309.33, this equates to $17,189.91. Mr. Marcum paid Mr. Holder a total of $1,550.00 over various weeks, so the Court holds Mr. Holder is entitled to $15,639.91 for this period.

After Mr. Holder found work, he earned $1,000.00 per month or $232.56 per week. Since he earned less than his average weekly wage, Mr. Holder is entitled to temporary partial disability from October 27, 2020, to the present. This is calculated by determining sixty-six and two-thirds the difference between his average weekly wage and the wage he earns. Tenn. Code Ann. § 50-6-207(2)(A). Here, that represents $154.29 per week, so the Court holds Mr. Holder is entitled to $7,604.29 in temporary partial disability benefits for

---

[1] This information came from answers that the Court deemed admitted.

the period when he returned to work to the present.[2]  Mr. Marcum shall continue paying these benefits until Mr. Holder is released without restrictions, earns his average weekly wage, or reaches maximum medical improvement.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Marcum shall pay Mr. Holder's past medical expenses in the amount of $54,665.56 and provide ongoing medical treatment under Tennessee Code Annotated section 50-6-204 with Dr. Heilig as the treating physician.

2. Mr. Marcum shall pay Mr. Holder past temporary disability benefits in the amount of $23,244.20 and ongoing temporary partial disability under Tennessee Code Annotated section 50-6-207(A)(2) until the restrictions are removed, he earns his average weekly wage, or he reaches maximum medical improvement.

3. This case is set for a Status Hearing on **December 17 at 10:00 a.m**. **Eastern.**  You must call **855-543-5044** to participate in the hearing.

4. Unless an interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3).  The Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order.  Failure to submit confirmation within seven business days may result in a penalty assessment for non-compliance.  For questions regarding compliance, contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED October 6, 2021.**

*Brian K. Addington*
_____
**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**

---

[2] As to the benefit calculation, $464.00 minus $232.56 equals $231.44, of which sixty-six and two-thirds is $154.29.  The total amount represents forty-nine weeks and two days of temporary partial disability benefits.

**APPENDIX**

Exhibits:
1. Harley Holder's Affidavit
2. Admissions Deemed Admitted
3. (Collective) Medical Bills: Big South Fork Medical Center, Assured Orthopedics of Kentucky, Kentucky River Medical Center and Lighthouse Physical Therapy, Inc.
4. Medical Records-Big South Fork Medical Center
5. Medical Records-Assured Orthopedics of Kentucky
6. Medical Records-Kentucky River Medical Center
7. Medical Records-Lighthouse Physical Therapy, Inc.

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Motion to Compel Discovery
4. Notice of Transmission of Request for Admissions
5. Order Granting Motion to Compel Discovery
6. Motion for Sanctions
7. Motion to Deem Request for Admissions as Admitted
8. Order Granting Additional Time to File Affidavit
9. Affidavit of Chris W. Beavers
10. Order Granting Attorney's Fees
11. Order Deeming Answers Admitted
12. Hearing Request

**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent on October 6, 2021.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Chris Beavers, Employee's Attorney | | | X | chrisbeavers@banksandjones.com |
| Nathan Marcum, D/B/A Marcum Lumber, LLC, Employer | X | | X | 653 Cliff Terry Rd. Oneida, TN 37841, <br><br> 1530 Bear Creek Rd. Oneida, TN 37841, <br><br> P.O. Box 5622 Oneida, TN 37841, <br><br> marcumlumber1@gmail.com |

_____
**PENNY SHRUM, COURT CLERK**
**wc.courtclerk@tn.gov**

5



<u>Expedited Hearing Order Right to Appeal</u>:

      If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board.  To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence.  The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement.  All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*